Rachel Chatman (CA 206775)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:   628.221.5828
rchatman@beneschlaw.com

Joseph N. Gross (*pro hac vice*)
Eric M. Flagg (*pro hac vice*)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:   216.363.4500
Facsimile:   216.363.4588
jgross@beneschlaw.com
eflagg@beneschlaw.com

Attorneys for Defendants
ATI TRUCKING, LLC and BRIDGEWAY
LOGISTICS GROUP, LLC (incorrectly
sued herein as BRIDGEWAY)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN COBBS,<br><br>           Plaintiff,<br><br>     v.<br><br>ATI TRUCKING, LLC; PREMIUM TRANSPORTATION GROUP, INC., dba PEI OHIO, INC.; BRIDGEWAY; and DOES 1 through 20, inclusive,<br><br>           Defendants. | Case No. 1:25-cv-00021-JLT-SKO<br><br>**JOINT STIPULATION TO CONSOLIDATE CASE NO. 25-cv-00021 (LEAD CASE) WITH CASE NO. 25-cv-00023; ORDER CONSOLIDATING CASES AND CONTINUING INITIAL SCHEDULING CONFERENCE**<br><br>**(Doc. 16)**<br><br>[Fresno County Superior Court Case No. 24CECG05094]<br><br>Complaint Filed:   November 20, 2024<br>Removal:                January 6, 2025 |
| DAVID SASSER,<br><br>           Plaintiff,<br><br>     v.<br><br>ATI TRUCKING, LLC; PREMIUM TRANSPORTATION GROUP, INC., dba PEI OHIO, INC.; BRIDGEWAY; and DOES 1 through 20, inclusive, | Case No. 1:25-cv-00023-BAM<br><br>[Fresno County Superior Court Case No. 24CECG05119]<br><br>Complaint Filed:   November 21, 2024<br>Removal:                January 6, 2025 |

Defendants.

**SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES, THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD, HEREBY STIPULATE AS FOLLOWS:**

**WHEREAS,** on November 20, 2024, Plaintiff Ryan Cobbs ("Cobbs") filed his Complaint in Case No. 25-CV-00021 in the Superior Court for the County of Fresno, California, Fresno County Superior Court Case No. 24CECG05094 (the "Cobbs Action"), against Defendants ATI Trucking, LLC, Bridgeway Logistics Group, LLC (incorrectly sued as "BRIDGEWAY"), and PEI Ohio, Inc. (erroneously sued herein as PREMIUM TRANSPORTATION GROUP, INC., (dba PEI OHIO, INC.) an Ohio Corporation) (collectively, "Defendants"). The Cobbs Action alleges causes of action for: (1) violation of California Labor Code §§ 233, 234, 246.5, and 2810.5; (2) wrongful termination; (3) misclassification; (4) failure to reimburse work-related expenses in violation of California Labor Code §§ 2802, *et seq*.; (5) failure to provide meal and rest breaks in violation of California Labor Code §§ 226.7 and 512; (6) inaccurate wage statements in violation of California Labor Code § 226(A); (7), waiting time penalties in accordance with California Labor Code §§ 200-204 (Count VII); and (8) violation of California's Business and Professions Code § 17200, *et seq*.;

**WHEREAS,** on November 21, 2024, Plaintiff David Sasser filed his Complaint in Case No. 25-CV-00021 in the Superior Court for the County of Fresno, California, Fresno County Superior Court Case No. 24CECG05094 (the "Sasser Action"), against the same Defendants named in the Cobbs Action. The Sasser Action alleges causes of action for: (1) misclassification; (2) failure to reimburse work-related expenses in violation of California Labor Code §§ 2802, *et seq*.; (3) failure to provide meal and rest breaks in violation of California Labor Code §§ 226.7 and 512; (4) inaccurate wage statements in violation of California Labor Code § 226(A); (5) waiting time penalties in accordance with California Labor Code §§ 200-204 (Count VII); and (6) violation of California's Business and Professions Code § 17200, *et seq*.;

**WHEREAS,** Defendant PEI Ohio, Inc. filed its Answers in both actions on December 27, 2024, and Defendants ATI Trucking, LLC and Bridgeway Logistics Group, LLC (incorrectly sued as "BRIDGEWAY") filed their Answers in both actions on January 2, 2025. Thereafter, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants ATI Trucking, LLC and Bridgeway Logistics Group, LLC

(incorrectly sued as "BRIDGEWAY") noticed the removal of both the Cobbs Action and the Sasser Action to this Court on January 6, 2025, which removals were consented to and joined by Defendant PEI Ohio, Inc.;

**WHEREAS,** the Cobbs Action and the Sasser Action are both currently pending before this Court and have common issues of law and fact or either, including, but not limited to, (1) whether Plaintiffs were misclassified; (2) whether Defendants failed to reimburse Plaintiffs' work-related expenses in violation of California Labor Code §§ 2802, *et seq.*; (3) whether Defendants failed to provide Plaintiffs meal and rest breaks in violation of California Labor Code §§ 226.7 and 512; (4) whether Defendants issued inaccurate wage statements in violation of California Labor Code § 226(A); (5) whether Plaintiffs are entitled to waiting time penalties in accordance with California Labor Code §§ 200-204 (Count VII); and (6) whether Defendants violated California's Business and Professions Code § 17200, *et seq.*;

**WHEREAS,** these questions of law and fact relating to liability are identical in both the Cobbs Action and the Sasser Action, which involve the same Parties and are based on the same or similar claims and theories;

**WHEREAS,** it is in the interest of judicial efficiency and economy to consolidate the Cobbs Action and the Sasser Action to avoid duplicative efforts by the Parties litigating these issues, avoid repetitive trials of the same common issues, avoid unnecessary costs and delays to the Court and Parties by permitted the same witnesses to be called to testify, and to prevent a risk of inconsistent adjudications;

**WHEREAS,** the Parties, believing it to be in the interests of judicial economy and of all Parties for the Cobbs Action and the Sasser Action to be consolidated for all purposes, conferred at the Parties' March 21, 2025 conference pursuant to Fed. R. Civ. P. 26(f), and agreed to the form and substance of this Joint Stipulation;

(Continued on next page)

**NOW THEREFORE,** subject to the approval of this Court and pursuant to Fed. R. Civ. P. 42, the Parties, through their respective attorneys of record, hereby stipulate and agree that the Sasser Action, Case No. 25-CV-00023, be consolidated with the Cobbs Action, Case No. 25-CV-00021, for all purposes including discovery and trial.

Dated:  March 31, 2025               Respectfully submitted,

*/s/ Rachel Chatman*
JOSEPH N. GROSS (pro hac vice)
RACHEL CHATMAN (CA 206775)
ERIC M. FLAGG (pro hac vice)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendants
ATI TRUCKING, LLC and BRIDGEWAY LOGISTICS GROUP, LLC (incorrectly sued herein as BRIDGEWAY)

Dated:  March 31, 2025               JACKSON LEWIS P.C.

By: */s/ Nicole M. Shaffer*
Nicole M. Shaffer
Mayra Hernandez

Attorneys for Defendant
PEI OHIO, INC., an Ohio Corporation (erroneously sued herein as PREMIUM TRANSPORTATION GROUP, INC., (doing business as PEI OHIO, INC.) an Ohio Corporation)

Dated: March 31, 2025               WEST COAST TRIAL LAWYERS, APLC

*/s/ Ashley J. Garay*
Ronald L. Zambrano, Esq.
Ashley J. Garay, Esq.
Lilit Kyababchian, Esq.
Attorneys for Plaintiff,
RYAN COBBS

**ORDER**

In view of the parties' foregoing Stipulation to Consolidate (Doc. 16), and good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall consolidate *Cobbs v. ATI Trucking, LLC*, Case No. 1:25-cv-00021-JLT-SKO, with *Sasser v. ATI Trucking, LLC*, Case No. 1:25-cv-00023-JLT-BAM, for all purposes;

2. All future filings and correspondence shall use Case No. 1:25-cv-00021-JLT-SKO;

3. The Clerk shall move Doc. Nos. 1, and 3–15 from the docket of Case No. 1:25-cv-00023-JLT-BAM to the docket of Case No. 1:25-cv-00021-JLT-SKO;

4. The Clerk shall administratively close *Sasser v. ATI Trucking, LLC*, Case No. 1:25-cv-00023-JLT-BAM [1];

5. The Clerk shall file a copy of this Order in Case No. 1:25-cv-00023-JLT-BAM; and

6. In the interest of litigation economy and judicial efficiency, the Initial Scheduling Conference is **CONTINUED to May 15, 2025, at 9:30 AM** before Magistrate Judge Sheila K. Oberto. The parties SHALL file their joint scheduling report 7 days prior to the conference.

IT IS SO ORDERED.

Dated:   **April 7, 2025**            /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that administratively closing this case has no impact whatsoever on the merits.